PIERCE, Justice,
concurring in part and in result:
¶ 50. I respectfully concur in part and in result only. My opinion parts ways with my learned colleagues based on the majority’s use of Houston v. Houston, because I disagree with the holding in that case. Houston v. Houston, 121 So.3d 283 (Miss.Ct.App.2013). This Court was unable to speak to the issues in Houston, as writ of certiorari was not filed with this Court. As the majority opinion states, in Houston, the Court of Appeals upheld the trial court’s decision to include monetary gifts from the wife’s parents when calculating her income during the determination of whether she would be awarded alimony. Id. However, this Court has held that gratuities from parents may not be included when considering the income of the payee to determine an award of separate maintenance. Robinson v. Robinson, 554 So.2d 300, 305 (Miss.1989) (citing McNeil v. McNeil, 127 Miss. 616, 90 So. 327, 329 (1922)). Specifically, this Court has stated the following:
We do not think it proper to consider mere gratuities given to the complainant by her father. The duty to support the wife rests upon the husband, and he cannot avoid the performance of this duty by showing that the father will probably see that the wife does not suffer because the father is able to do so and is manifesting a disposition to meet the wants of the daughter.
Robinson, 554 So.2d at 305 (citing McNeil, 127 Miss. 616, 90 So. at 329).
¶ 51. Because the situation before us involves a payor receiving gratuities from his parents, it differs factually from the situation in both Robinson and McNeil, where gratuities were bestowed upon the payee. Nevertheless, the analysis remains the same. Monetary gifts from Mike’s parents should not be included in the amount of imputed income. If it is found that Mike should provide separate maintenance, it is his duty alone to provide that support. Based on Mike’s education and work history, it is not improper to impute income as long as a determination of Mike’s earning capacity and current income does not include gratuities from his parents.
¶ 52. I agree with the majority’s opinion that this case should be remanded. The trial court must determine Mike’s earning capacity without any consideration of the parents’ contributions.
RANDOLPH, P.J., LAMAR AND CHANDLER, JJ., JOIN THIS OPINION.